1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LVDG SERIES 114 established under
LVDG, LLC,

          Plaintiff(s),

v.

ANN M. WRIGHT, et al.,

          Defendant(s).

2:13-CV-1775 JCM (NJK)

**ORDER**

Presently before the court is defendant U.S. Bank National Association's ("U.S. Bank") motion to dismiss. (Doc. # 5). Plaintiff LVDG Series 114 ("LVDG") has filed a response (doc. # 17) and defendant has filed a reply (doc. # 21).

Also before the court is plaintiff's motion for preliminary injunction, which was filed concurrently with its application for a temporary restraining order. (Doc. # 1-4). Both are contained within the petition for removal.[1]

**I. Background**

Plaintiff asserts a quiet title claim against defendants and requests declaratory relief from the court that defendants have no estate, right, title, or interest in the property commonly known as 3232

_____

[1] This case was originally filed in the Nevada Eight Judicial District Court and was removed to this court on September 27, 2013. (Doc. # 1). The petition for removal contained a pending application for preliminary injunction as an attachment. (Doc. # 1-4).

**James C. Mahan**
**U.S. District Judge**

La Mancha Way, Henderson, Nevada, 89104 ("the property").

In 2005, defendant Ann Wright obtained a mortgage loan for $207,000 from non-party Ameriquest Mortgage Company. (Doc. #1-2).  The loan was secured by a deed of trust encumbering the property and was recorded on June 24, 2005.  *Id.*  The deed of trust was later assigned to Merrill Lynch Mortgage Lending, Inc., by an assignment of note and deed of trust, and was recorded on May 22, 2013.  *Id.*  On June 10, 2013, all beneficial interest under the deed of trust was assigned to defendant U.S. Bank.  *Id.*

On January 13, 2012, a notice of delinquent assessment was filed against the property for unpaid HOA assessments. *Id*.  On November 13, 2012, a notice of default and election to sell under the HOA lien was recorded *Id*.  The HOA held a foreclosure sale on July 3, 2013, at which plaintiff purchased the property for $12,000.  *Id*.

After purchasing the property at the foreclosure sale, plaintiff filed an *ex parte* application for a temporary restraining order and preliminary injunction in state court.  (Doc. # 1-4).  On September 5, 2013, the state court issued a temporary restraining order enjoining defendants from foreclosing on the property.  (Doc. # 1-5).  The court also set a hearing on the application for a preliminary injunction for October 10, 2013.  *Id.*  Prior to the hearing date, defendants removed the case to this court.

Plaintiff asks the court to find that it acquired the property at the HOA lien foreclosure sale free and clear of U.S. Bank's deed of trust and to schedule a hearing on its preliminary injunction. Defendant argues that the sale of the property at the HOA foreclosure did not extinguish its first position deed of trust.

## II.  Legal Standards

### A.  Preliminary Injunction

The Supreme Court has instructed that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*,

**James C. Mahan**
**U.S. District Judge**

1   129 S. Ct. 365, 374–76 (2008).  The test is conjunctive, meaning the party seeking the injunction

2   must satisfy each element.

3           *B.  Motion to Dismiss*

4           A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

5   be granted." FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

6   statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*

7   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

8   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

9   of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

10  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,

11  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

12  to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

13          In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

14  considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

15  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

16  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

17  suffice. *Id*. at 1949.  Second, the court must consider whether the factual allegations in the complaint

18  allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's

19  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

20  liable for the alleged misconduct.  *Id*. at 1949.

21          Where the complaint does not permit the court to infer more than the mere possibility of

22  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.

23  (internal quotations omitted).  When the allegations in a complaint have not crossed the line from

24  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

25  **III.    Discussion**

26          Plaintiff's argument hinges on the assertion that its purchase of the property for $12,000 at

27  the HOA's foreclosure sale extinguished U.S. Bank's interest in the property.  However, this court

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  has thoroughly established that a foreclosure conducted under NRS 116.3116 does not alter or

2  extinguish a first position deed of trust.  *See, e.g., Premier One Holdings, Inc., v. BAC Home Loans*

3  *Servicing LP, et al.,* 2:13-cv-00895-JCM-GWF, *3 (D. Nev. Aug. 15, 2013).  Indeed, such an

4  interpretation of NRS 116.3116 would lead to the absurd result that a relatively small HOA lien

5  recorded years after a deed of trust could extinguish the prior security interest that is, in this case,

6  more than thirty times greater.

7       Although plaintiff acknowledges that "several Nevada courts (including this [c]ourt) have

8  ruled in favor of the lenders and against the HOA or third party purchaser," plaintiff asserts that the

9  rulings have been "inconsistent" and that, according to the "State Bar Brief and JEBURP Report,

10  these courts have been confused" and have "misread and misinterpreted the HOA Lien Statutes."

11  (*See* doc. # 17 at 23).  Plaintiff encourages this court to "make an independent evaluation, reconsider

12  its decision in the *Weeping Hollow* case, and make a decision that is consistent with the plain

13  meaning of Nevada's HOA Lien Statutes and the opinion set forth in the Nevada Real Estate

14  Division Advisory," asserting that the NREDA " is the authority to which the Nevada Supreme Court

15  will defer in ruling on this issue."  *Id.* at 24.

16       Despite plaintiff's assertion to the contrary, "every federal court in this district to decide this

17  issue has held that an HOA's super priority lien does not extinguish a first position deed of trust,"

18  with only one exception that this court is aware of.  *Premier One,* 2:13-cv-00895-JCM-GWF, *3 (D.

19  Nev. Aug. 15, 2013); *see also Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, no. 2:12-

20  cv-00949-KJD-RJJ, 2013 WL 531092 (D. Nev. Feb. 11, 2013); *Bayview Loan Servicing, LLC v.*

21  *Alessi & Koenig, LLC*, no. 2:13-cv-00164-RCJ, 2013 WL 2460452 (D. Nev. June 6, 2013); *Weeping*

22  *Hollow Ave. Trust v. Spencer*, no. 2:13-cv-00544-JCM-VCF, 2013 WL 2296313 (D. Nev. May 24,

23  2013); *Kal-Mor-USA, LLC v. Bank of America, N.A.*, no. 2:13-cv-0680-LDG-VCF, 2013 WL

24  3729849; *see also Centano v. Mortgage Electronic Registration Systems, Inc.*, no. 2:11-cv-02105-

25  GMN-RJJ, 2013 WL 3730528 (D. Nev. Aug. 28, 2012); *but see SFR Investments Pool 1, LLC v.*

26  *Wells Fargo Bank, N.A. et al*, no. 2:13-cv-01153-APG-PAL (granting injunctive relief in favor of

27  the HOA).

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    This case is but one of a multitude of similar, if not identical, cases that have been filed

2    recently in this district.  All of these cases seek to quiet title and extinguish the original lender's

3    interest after an HOA foreclosure sale.  All of these cases rely on NRS 116.3116 for support.  Thus,

4    the issue is familiar and the court has afforded it much consideration.  While the court "is aware that

5    some state courts have interpreted NRS 116.3116 in a way that permits the HOA super priority lien

6    to extinguish the bank's prior deed of trust. . .and that the Nevada Supreme Court has granted

7    injunctions enjoining a bank from foreclosing or conducting a trustee sale if an HOA has foreclosed

8    on its super priority lien under the statute," the court has already thoroughly considered the issue,

9    and has declined to defer to conflicting state court decisions.  *Premier One*, 2:13-cv-00895-JCM-

10   GWF, 2013 WL 4048573, at *3 (D. Nev. Aug. 9, 2013).  The court is comfortable with its

11   interpretation of NRS 116.3116, and rejects plaintiff's invitation to revisit its decision in *Weeping*

12   *Hollow*.

13   Because plaintiff's claims in this case are based entirely on a premise that this court has

14   repeatedly held to be unfounded, the court concludes that plaintiff has failed to state a claim upon

15   which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Accordingly, defendant's motion to

16   dismiss must be granted.[2]

17   Accordingly,

18   IT IS HEREBY ORDERED, ADJUDGED, and DECREED defendant's motion to dismiss

19   (doc. # 5) be, and the same hereby is, GRANTED.

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25

26

27   [2]  A hearing on plaintiff's application for a preliminary injunction is unnecessary because, under this court's precedent, plaintiff has no "likelihood of success on the merits."  *Winter*, 129 S.

28   Ct. 365 (2008).

**James C. Mahan**
**U.S. District Judge**                                   - 5 -

1       IT IS FURTHER ORDERED that plaintiff's application for a temporary restraining order be,

2  and the same hereby is, DENIED as moot.

3       DATED November 13, 2013.

4

5

6                           **UNITED STATES DISTRICT JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**